1   ROBERT HAMPTON ROGERS (SBN 106206)
    rrogers@crdattorneys.com
2   LAW OFFICE OF ROBERT HAMPTON ROGERS
    27534 Dayton Avenue
3   San Pedro, CA 90732
    Tel:   (213) 559-7595
4   Fax:   (213) 559-7596

5   Attorneys for Plaintiff, VIRGINA VANDENBURG

6   Kathryn Lee Colgan (SBN 265416)
    kcolgan@martensonlaw.com
7   Alexander P. Castillo (SBN 326246)
    acastillo@martensonlaw.com
8   MARTENSON, HASBROUCK & SIMON LLP
    5800 Armada Drive, Suite 101
9   Carlsbad, CA 92008
    Tel: (760) 827-5700
10  Fax: (442) 244-0821

11  Attorneys for Defendants, Wal-Mart Associates, Inc.

12
                    UNITED STATES DISTRICT COURT
13
                   CENTRAL DISTRICT OF CALIFORNIA
14

15

16  VIRGINA VANDENBURG, an individual,    Case No.: 8:25-cv-00905-FWS-(ADSx)

                        Plaintiff,
17                                         **STIPULATED PROTECTIVE
            v.                             ORDER**
18

19
    WAL-MART ASSOCIATES, INC. and
20  DOES 1-25, inclusive,
                        Defendant.         Removal Filed:   April 30, 2025
21                                         Action Filed:    March 21, 2025

22      The parties have agreed to and have submitted to the Court, and for good cause

23  shown the Court hereby enters, the following Confidentiality Order:

24  **PURPOSES AND LIMITATIONS**

25  1.      This Order shall govern the disclosure of materials designated as Confidential

26  Material in this litigation. Confidential Material, as used in this Order, shall refer to

27  any document or item designated as Confidential, including but not limited to,

28  documents or items produced during discovery, all copies thereof, and the information

                                        1

contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

2.    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## **GOOD CAUSE STATEMENT**

3.    This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are

entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## DEFINITIONS OF CONFIDENTIAL MATERIAL

4.1    **Action**: The lawsuit removed to the Central District Court of California entitled *VIRGINA VANDENBURG, an individual v. WAL-MART ASSOCIATES, INC., and DOES 1-25, inclusive*

4.2    **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    **"CONFIDENTIAL" Information or Items**: Confidential Material, as used in this Order, consists of the following materials and categories of materials:

a.    Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party

pursuant to a non-disclosure agreement; and customer-related Protected Data and nonpublic policies and procedures shall be deemed Confidential.

b. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information).

4.4    **Counsel**: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5    **Designating Party**: a Party or Non-Party that designates information or items that    it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.6    **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.7    **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8    **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9    **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.10    **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

4

4.11    **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12    **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13    **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or  medium) and their employees and subcontractors.

4.14    **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15    **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**SCOPE**

5.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**DURATION**

6.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time

1  limits for filing any motions or applications for extension of time pursuant to

2  applicable law.

3               **DESIGNATING PROTECTED MATERIAL**

4  7.      The parties shall not designate as confidential information that is already public

5  knowledge. The parties agree that such Confidential Material as described above

6  should be given the protection of an order of this Court to prevent injury through

7  disclosure to persons other than those persons involved in the prosecution or defense

8  of this litigation.

9          7.1    Exercise of Restraint and Care in Designating Material for Protection.

10  Each Party or Non-Party that designates information or items for protection under this

11  Order must take care to limit any such designation to specific material that qualifies

12  under the appropriate standards. The Designating Party must designate for protection

13  only those parts of material, documents, items, or oral or written communications that

14  qualify so that other portions of the material, documents, items, or communications for

15  which protection is not warranted are not swept unjustifiably within the ambit of this

16  Order.

17          Mass, indiscriminate, or routinized designations are prohibited. Designations

18  that are shown to be clearly unjustified or that have been made for an improper purpose

19  (e.g., to unnecessarily encumber the case development process or to impose

20  unnecessary expenses and burdens on other parties) may expose the Designating Party

21  to sanctions.

22          If it comes to a Designating Party's attention that information or items that it

23  designated for protection do not qualify for protection, that Designating Party must

24  promptly notify all other Parties that it is withdrawing the inapplicable designation.

25  7.2    Manner and Timing of Designations. Except as otherwise provided in this

26  Stipulated Protective Order (see, e.g., second paragraph of section 7.2(a) below), or as

27  otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

28

1   protection under this Stipulated Protective Order must be clearly so designated before

2   the material is disclosed or produced.

3          Designation in conformity with this Stipulated Protective Order requires:

4          (a) for information in documentary form (e.g., paper or electronic documents,

5   but excluding transcripts of depositions or other pretrial or trial proceedings), that the

6   Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that

7   contains protected material. If only a portion or portions of the material on a page

8   qualifies for protection, the Producing Party also must clearly identify the protected

9   portion(s) (e.g., by making appropriate markings in the margins).

10         A Party or Non-Party that makes original documents available for inspection

11  need not designate them for protection until after the inspecting Party has indicated

12  which documents it would like copied and produced. During the inspection and before

13  the designation, all of the material made available for inspection shall be deemed

14  CONFIDENTIAL. After the inspecting Party has identified the documents it wants

15  copied and produced, the Producing Party must determine which documents, or

16  portions thereof, qualify for protection under this Stipulated Protective Order. Then,

17  before producing the specified documents, the Producing Party must affix the

18  "CONFIDENTIAL" legend to each page that contains Protected Material. If only a

19  portion or portions of the material on a page qualifies for protection, the Producing

20  Party also must clearly identify the protected portion(s) (e.g., by making appropriate

21  markings in the margins).

22         (b) for testimony given in depositions that the Designating Party identify the

23  Disclosure or Discovery Material on the record, before the close of the deposition all

24  protected testimony. (c) for information produced in some form other than

25  documentary and for any other tangible items, that the Producing Party affix in a

26  prominent place on the exterior of the container or containers in which the information

27  is stored the "CONFIDENTIAL" legend. If only a portion or portions of the

28

1  information warrants protection, the Producing Party, to the extent practicable, shall

2  identify the protected portion(s).

3  7.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

4  designate qualified information or items does not, standing alone, waive the

5  Designating Party's right to secure protection under this Order for such material. Upon

6  timely correction of a designation, the Receiving Party must make reasonable efforts

7  to assure that the material is treated in accordance with the provisions of this Stipulated

8  Protective Order.

9          **CLAWBACK PROVISIONS**

10  8.    The production of privileged or work-product protected documents,

11  electronically stored information (ESI) or information, whether inadvertent or

12  otherwise, is not a waiver of the privilege or protection from discovery in this case or

13  in any other federal or state proceeding.

14      8.1    This Order shall be interpreted to provide the maximum protection

15  allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and

16  granted full faith and credit in all other state and federal proceedings by 28 U.S. Code

17  § 1738. In the event of any subsequent conflict of law, the law that is most protective

18  of privilege and work product shall apply.

19      8.2    Nothing contained herein is intended to or shall serve to limit a party's

20  right to conduct a review of documents, ESI or information (including metadata) for

21  relevance, responsiveness and/or segregation of privileged and/or protected

22  information before production.

23      8.3    If the receiving party has reason to believe that a produced document or

24  other information may reasonably be subject to a claim of privilege, then the receiving

25  party shall immediately sequester the document or information, cease using the

26  document or information and cease using any work product containing the information,

27  and shall inform the producing party of the beginning BATES number of the document

28

1  or, if no BATES number is available, shall otherwise inform the producing party of the

2  information.

3      8.4    A producing party must give written notice to any receiving party

4  asserting a claim of privilege, work-product protection, or other ground for reclaiming

5  documents or information (a "clawback request"). After a clawback request is received,

6  the receiving party shall immediately sequester the document (if not already

7  sequestered) and shall not review or use that document, or any work product containing

8  information taken from that document, for any purpose. The parties shall meet and

9  confer regarding any clawback request.

10      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

11      9.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

12  designation of confidentiality at any time that is consistent with the court's Scheduling

13  Order.

14      9.2    <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute

15  resolution process under Local Rule 37.1 et seq.

16      9.3    The burden of persuasion in any such challenge proceeding shall be on the

17  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

18  to harass or impose unnecessary expenses and burdens on other parties) may expose

19  the Challenging Party to sanctions. Unless the Designating Party has waived or

20  withdrawn the confidentiality designation, all parties shall continue to afford the

21  material in question the level of protection to which it is entitled under the Producing

22  Party's designation until the court rules on the challenge.

23      **ACCESS TO AND USE OF PROTECTED MATERIAL**

24  10.    A Receiving Party may use Protected Material that is disclosed or produced by

25  another Party or by a Non-Party in connection with this Action only for prosecuting,

26  defending, or attempting to settle this Action. Such Protected Material may be

27  disclosed only to the categories of persons and under the conditions described in this

28

1    Order. When the Action reaches a Final Disposition, a Receiving Party must comply

2    with the provisions of section 13 below.

3         Protected Material must be stored and maintained by a Receiving Party at a

4    location and in a secure manner that ensures that access is limited to the persons

5    authorized under this Stipulated Protective Order. The Parties agree to provide

6    adequate security to protect data produced by the other party(ies) or by non-parties.

7    This includes secure data storage systems, established security policies, and security

8    training for employees, contractors and experts. Adequate security also includes such

9    measures as data encryption in transit, data encryption at rest, data access controls, and

10   physical security, whether hosted/outsourced to a vendor or on premises. At a

11   minimum, any receiving party subject to the terms of this Confidentiality Order, will

12   provide reasonable measures to protect non-client data consistent with the American

13   Bar Association Standing Committee on Ethics and Professional Responsibility,

14   Formal Opinion 477R.

15         10.1   Disclosure of "CONFIDENTIAL" information or items. Unless otherwise

16   ordered by the court or permitted in writing by the Designating Party, a Receiving Party

17   may disclose any information or item designated "CONFIDENTIAL" only:

18         (a) to the Receiving Party's Outside Counsel of Record in this Action, as well as

19   employees of said Outside Counsel of Record to whom it is reasonably necessary to

20   disclose the information for this Action;

21         (b) to the officers, directors, and employees (including House Counsel) of the

22   Receiving Party to whom disclosure is reasonably necessary for this Action;

23         (c) to Experts (as defined in this Order) of the Receiving Party to whom

24   disclosure is reasonably necessary for this Action and who have signed the

25   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26         (d) to the court and its personnel;

27         (e) to court reporters and their staff;

28

(f) to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, to witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions

**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

11.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

1    (c) cooperate with respect to all reasonable procedures sought to be pursued by

2    the Designating Party whose Protected Material may be affected.

3        If the Designating Party timely seeks a protective order, the Party served with

4    the subpoena or court order shall not produce any information designated in this action

5    as "CONFIDENTIAL" before a determination by the court from which the subpoena

6    or order issued, unless the Party has obtained the Designating Party's permission. The

7    Designating Party shall bear the burden and expense of seeking protection in that court

8    of its confidential material and nothing in these provisions should be construed as

9    authorizing or encouraging a Receiving Party in this Action to disobey a lawful

10   directive from another court.

11   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

12   **PRODUCED IN THIS LITIGATION**

13   12.    The terms of this Stipulated Protective Order are applicable to information

14   produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such

15   information produced by NonParties in connection with this litigation is protected by

16   the remedies and relief provided by this Order. Nothing in these provisions should be

17   construed as prohibiting a Non-Party from seeking additional protections.

18       12.1   Notification. In the event that a Party is required, by a valid discovery

19   request, to produce a Non-Party's confidential information in its possession, and the

20   Party is subject to an agreement with the NonParty not to produce the Non-Party's

21   confidential information, then the Party shall:

22       (a) promptly notify in writing the Requesting Party and the Non-Party that some

23   or all of the information requested is subject to a confidentiality agreement with a Non-

24   Party;

25       (b) make the information requested available for inspection by the Non-Party, if

26   requested.

27       12.2    Conditions of Production. If the Non-Party fails to seek a protective order

28   from this court within 14 days of receiving the notice and accompanying information,

1  the Receiving Party may produce the Non-Party's confidential information responsive

2  to the discovery request. If the Non-Party timely seeks a protective order, the Receiving

3  Party shall not produce any information in its possession or control that is subject to

4  the confidentiality agreement with the Non-Party before a determination by the court.

5  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

6  of seeking protection in this court of its Protected Material.

7  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

8  **PROTECTED MATERIAL**

9  13.    When a Producing Party gives notice to Receiving Parties that certain

10  inadvertently produced material is subject to a claim of privilege or other protection,

11  the obligations of the Receiving Parties are those set forth in Rule 26(b)(5)(B) of the

12  Federal Rules of Civil Procedure. This provision is not intended to modify whatever

13  procedure may  established in an e-discovery order that provides for production without

14  prior privilege review. Pursuant to Rules 502(d) and (e) of the Federal Rules of

15  Evidence, insofar as the parties reach an agreement on the effect of disclosure of a

16  communication or information covered by the attorney-client privilege or work product

17  protection, the parties may incorporate their agreement in the stipulated protective

18  order submitted to the court.

19  **MISCELLANEOUS**

20  14.1    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the

21  right of any person to seek its modification by the court in the future.

22  14.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated

23  Protective Order no Party waives any right it otherwise would have to object to

24  disclosing or producing any information or item on any ground not addressed in this

25  Stipulate Protective Order. Similarly, no Party waives any right to object on any ground

26  to use in evidence of any of the material covered by this Stipulated Protective Order.

27  14.3    Filing Protected Material. A Party that seeks to file under seal any Protected

28  Material must comply with Local Rule 79-5. Protected Material may only be filed

under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## **FINAL DISPOSITION**

15.    After the Final Disposition of this Action, as defined in paragraph 5, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 5.

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

2

3    DATED:    6/18/2025    BY:  */s/ Robert Hampton Rogers*
                                   Robert Hampton Rogers
4                                  ***Counsel for Plaintiff***

5
     DATED:    6/18/2025    BY:  */s/ Kathryn Lee Colgan*
6                                  Kathryn Lee Colgan
                                   Alexander P. Castillo
7                                  ***Counsel for Defendants***

8
          IT IS SO ORDERED.
9

10
     DATED: 07/17/2025       BY:        /s/ Autumn D. Spaeth
11                                 HON. AUTUMN D. SPAETH
                                   UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Virgina Vandenburg v. Wal-Mart Associates, Inc. et al.*, Case No.: 8:25-cv-00905. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

16